DAVID DUNCAN and DAVID B. DUNCAN, Respondents,
v. ISAAC B. GUEST, Appellant.

*Arrest of a defendant for fraudulently disposing of his property — when the fraud
need not be alleged in the complaint — Code of Civil Procedure, §§ 549, 550.*

In an action brought upon a promissory note, an order for the arrest of the
defendant may be granted where it is shown that he has, subsequently to the
making of the note, disposed of his property with intent to defraud his cred-
itors, although such fraudulent acts are not set forth in the complaint.

Appeal from an order made at Special Term, vacating an order
of arrest on the ground that the complaint did not contain a state-
ment of the alleged fraud for which such order had been granted.

*T. Cleveland,* for the appellant.

*Cooper & Bach,* for the respondents.

Davis, P. J. :

This action is brought to recover upon several promissory notes,
set forth in the complaint. An order for the arrest of the defend-
ant was obtained in the action on the ground that the defendant
had, subsequently to the making of the notes, disposed of his prop-
erty with intent to defraud his creditors. The motion to discharge
was on the ground that no allegation of such fraud was set forth in
the complaint. But the alleged fraud was an extrinsic fact which
arose subsequently to the cause of action. It was not necessary,
under the Code, that it should be set forth in the complaint. By
subdivision 4, section 549, it is provided that in an action upon con-
tract, express or implied, where it is alleged in the complaint that
the defendant was guilty of fraud in contracting or incurring the
liability, the plaintiff cannot recover unless he proves the fraud
upon the trial. But that provision has no application to the case
before us. The right to arrest in a case of this kind is governed
by subdivision 2 of section 550 of the Code of Civil Procedure,
which enacts that a party may be arrested in an action upon con
tract, where, since the making of the contract or in contemplation

of making the same, he has removed or disposed of his property with intent to defraud his creditors. There is no provision which requires such allegations to be set forth in the complaint. They are to be established to the satisfaction of the judge who grants the warrant of arrest, and are not involved in the issues made by the pleadings.

We think the learned judge was mistaken in the conclusion at which he has arrived, and that the order must be reversed and the motion denied, with ten dollars costs and disbursements.

BRADY, J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order reversed and motion denied, with ten dollars costs and disbursements.